## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL WEBB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-23-972-R** |
| ) | |
| **FNU STAR,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed an action alleging violation(s) of his civil rights. (Doc. 1). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (*See* Docs. 4, 6). For the reasons set forth below, the undersigned recommends that the court **DISMISS** this action without prejudice to the re-filing.

## I. Background and Analysis

Plaintiff filed this action on October 22, 2023. (Doc. 1, at 2). He failed to submit his Complaint on the proper form, and he did not supply the court with equivalent information required by the form. He additionally failed to file an application to proceed *in forma pauperis* or to pay the filing fee. On October 26, 2023, the court ordered Plaintiff to cure these deficiencies on or before November 13, 2023. (Doc. 5, at 1-2). Plaintiff was warned that "the Court will recommend dismissal of this action without prejudice and without further notice" if he failed to comply. (*Id*. at 2).

1

To date, Plaintiff has failed to provide the court with a proper Complaint or an application to proceed *in forma pauperis*, and he has failed to pay the filing fee, as ordered. Furthermore, he has failed to show good cause for his failure to do so, or to request an extension of time to comply with the court's order.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sua sponte* under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures). Failure to comply with court orders leaves the court unable "to achieve orderly and expeditious" resolutions to the actions before it. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").

Therefore, in light of the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the court's order warrants

2

dismissal of this action without prejudice. As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## II.    Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that this action be **DISMISSED** without prejudice to the re-filing for Plaintiff's failure to comply with the court's order. **Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 7, 2023,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 16th day of November, 2023.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

3